IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MORRIS A. SMITH, III**                                                                         **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 3:05CV519LS**

**MELVIN G. COOPER**                                                     **DEFENDANT**

## ORDER

This matter came before the court on the Motion for More Definite Statement filed by Defendant Melvin G. Cooper in this matter. The basis of the Motion is his allegation that the Complaint in this case is too vague for him to frame a response, particularly with regard to the Plaintiff's statements regarding jurisdiction and the basis of his fraud claim. The court has reviewed the Motion, the Plaintiff's response, and the Complaint, and it is of the opinion that this Motion should be granted.

Federal courts have limited jurisdiction. Generally speaking, they may hear cases where the parties are from different states, or where federal law forms the basis for the Complaint. It does not appear from the court's initial review of the Complaint that either basis for jurisdiction exists here. Both the Plaintiff and the Defendant are residents of Mississippi, and the Plaintiff's claims against the Defendant are based on fraud. Allegations of fraud or attorney misconduct are matters of state, not federal, law. The Plaintiff argues in response that this court has jurisdiction because he is a wounded veteran of the United States Army. While the court is sympathetic to the Plaintiff's having been injured in the service of his country, that fact, in and of itself, has no relevance to the issue of whether this court has jurisdiction over this case.

Additionally, the law does not permit a Plaintiff to file a Complaint that only generally

alleges fraud.  Rule 9(b) of the Federal Rules of Civil Procedure requires that a Plaintiff set out his allegations of fraud "with particularity."  That means that the Plaintiff must explain specifically **how** the Defendant committed a fraud against him, including the time that the fraud occurred, the Defendant's actions or statements that were fraudulent, and the injury caused to the Plaintiff by the fraud.

For all of these reasons, the Plaintiff will be required to amend his Complaint to more specifically state his claims, especially those supporting his allegations of jurisdiction and fraud.  If the Amended Complaint does not satisfactorily establish this court's jurisdiction, then this matter may be dismissed on the court's own motion.  If the Plaintiff fails to respond within the time permitted, this case may be dismissed for failure to prosecute.

IT IS, THEREFORE, ORDERED that the Defendant's Motion for More Definite Statement is hereby **granted**.  The Plaintiff shall file and serve an Amended Complaint on or before April 28, 2006.

IT SO ORDERED, this the 30th day of March, 2006.

                                                  s/James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE