**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**MORRIS A. SMITH**                                                                        **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 3:05CV519LS**

**G. MELVIN COOPER**                                                                **DEFENDANTS**

=================================================================

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the Plaintiff's response to the court's Order of March 30,

2006, granting the Motion for More Definite Statement filed by Defendant Cooper.  Having reviewed

that response, it is the recommendation of the undersigned that this matter be dismissed without

prejudice, for failure to fully comply with the terms of that Order.  Additionally, the undersigned is

of the opinion that the Plaintiff's Complaint, even as modified through his response to the court's

Order fails to state a claim over which this court has jurisdiction, and this failure further justifies

dismissal.

The Plaintiff filed his Complaint on August 24, 2005, along with a Motion to Proceed *in

forma Pauperis*.  In the Complaint, he recited that both he and the Defendant were Mississippi

residents.  As a basis for his lawsuit, he stated, "I feel I am entitled to relief because the defendant

misrepresented me and committed acts of fraud.  He did not carry out the services he promised to

provide.  He was paid for services that he did not provide.  He showed no integrity or loyalty to me

as a customer."  In recommending that his Motion to proceed without paying a filing fee be denied,

former United States Magistrate Judge Alfred G. Nicols, Jr., stated:

> [T]he undersigned notes that this case is subject to dismissal as not actually presenting
> a matter over which this court may assert jurisdiction.  The jurisdictional statement
> contained in the Complaint states, "The above defendant did not provide me the

proper professional service.  He promised to take care of my case.  Instead he took my money and did not provide me with the promised service."  These allegations do not in any way implicate federal law, but appear, instead, to state a contractual claim under state law.  Additionally, both the Plaintiff and the Defendant are Mississippi residents; therefore, federal jurisdiction cannot be invoked on the grounds of diversity of citizenship.  The Plaintiff should take into account the likely dismissal of this case before paying a filing fee that will not be refunded.

After being served with process, Defendant Cooper moved for a more definite statement.  By that time, this case had been transferred to the undersigned.  In granting the Motion, the court reiterated its earlier observation as to the citizenship of the parties and that the Plaintiff's claims against the Defendant appeared to be matters of state, not federal, law.  The Plaintiff's only argument in support of jurisdiction was that he is a wounded veteran of the United States Army, which, of course, has no relevance to the issue of whether this court has jurisdiction over this case.  Additionally, the court noted that the Plaintiff had not set out his allegations of fraud "with particularity."  Thus, the Plaintiff was ordered to explain specifically, on or before April 28, 2006, **how** the Defendant committed a fraud against him, including the time that the fraud occurred, the Defendant's actions or statements that were fraudulent, and the injury caused to the Plaintiff by the fraud.

In response, the Plaintiff submitted a letter to the court on April 13, 2006, in which he sets out the following statement of claim against another attorney, Hubert Lee:

Attorney Hubert Lee mislead me, misrepresented me, disrespected me and out right lied to me.  The action he took against me caused me great pain and suffering.  He asked the court to dismiss my case against him and he was denied.  Due to the pain and suffering he put me through, I feel I am entitled to hold him responsible for and ask the court for a reasonable amount of punitive damage.

Hubert Lee was not originally named as a Defendant in this case, and Smith has neither sought nor been granted permission to amend his Complaint to name another party.  The court would not likely

2

have granted permission to add Lee, in any event, because Smith's claims against him are separate and distinct from his claims against Cooper.  Therefore, Lee is not a party to this lawsuit.

Moreover, this pleading does nothing to clarify the claims against Cooper, who is the only Defendant actually before the court and the party who moved for a more definite statement.  It is nothing more than the same type of generalized claim that the Plaintiff made against Cooper.  As of this date, the Plaintiff has failed to adequately respond to the court's Order requiring a more definite statement.  For this reason, the undersigned is of the opinion that this action should be dismissed.

In ordering the Plaintiff to amend his Complaint, the court explicitly set out the requirements for stating a claim of fraud.  The Plaintiff has failed to state his claim as required by the court.  This court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court both under Fed. R. Civ. P. 41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*,  370 U.S. 626, 630-631 (1962).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, *supra*, 370 U.S. at 630.  The actions of the Plaintiff also prejudice the rights of the Defendants to promptly and fully defend the claims made against them.

Furthermore, this court has the authority to dismiss an action on its own motion if it is clear that the court lacks jurisdiction over the case.  Fed. R. Civ. P. 12(h)(3).  Before doing so, however, the court must carefully review the pleadings before it to determine whether the plaintiff has made a *prima facie* showing of jurisdiction. *System Pipe & Supply, Inc. v. M/V Victor Kurnatovskiy*, 242

3

F.3d 322, 325 (5th Cir. 2001).  If jurisdiction is not clear from the pleadings, then the plaintiff ought to be given a chance to respond to the court's concerns.  *Id*.

Here, the court followed that procedure.  The initial Complaint filed by Smith did not establish diversity jurisdiction, nor did it make any allegation recognized under federal law.  The court pointed out those deficiencies, both in its Order granting leave to proceed *in forma pauperis* and, again, in its Order granting the Defendant's Motion for More Definite Statement.  The Plaintiff has failed to make a sufficient showing that this court has jurisdiction over his claims.  Therefore, for all of the above reasons, the undersigned recommends that this cause of action be dismissed pursuant to Fed. R. Civ. P. 41(b), without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 1st day of May, 2006.

S/James C. Sumner
UNITED STATES MAGISTRATE JUDGE